UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-201-FDW

| | |
|---|---|
| SCOTT McCOMBS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DAVID MAHONEY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). He has filed a motion to proceed *in forma pauperis*. (Doc. No. 4).

I.     **BACKGROUND**

*Pro se* Plaintiff Scott McCombs, Jr., filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging that his medical needs were not being met at the Transylvania County Detention Center. His current address of record is a private residence in Brevard, North Carolina. He is not listed as an inmate on the websites for either the North Carolina Department of Public Safety or the Transylvania County Sheriff's Office. He names as Defendants Transylvania County Sheriff David Mahoney and Jail Nurse Bruce.

Construing the allegations liberally and accepting them as true, Plaintiff has been incarcerated at the Transylvania County Detention Center since July 13, 2017, has requested his seizure medication on several occasions, and has been denied it despite providing proof of his need for the medication. Staff has maliciously deprived him of the medication. He is also experiencing a "very high level of anxiety" and has requested a "more appropriate and suitable housing transfer" within the facility and anxiety medication. (Doc. No. 1 at 3). He believes that his "many past

1

issues" with the jail's administration is contributing to his current issues. (Doc. No. 1 at 4).

He seeks medication, an immediate transfer out of the facility, investigation of his claims by the Court, and remedies the Court deems appropriate.

**II.     STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

While Plaintiff seeks injunctive relief, he is no longer incarcerated at the Transylvania County Detention Center and appears to have been released. As a general rule, the transfer or release of a prisoner from prison renders moot the prisoner's claims for injunctive and declaratory relief. Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) (release from prison rendered moot the plaintiff's request for injunctive and declaratory relief); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner mooted claims for injunctive and declaratory relief). Because Plaintiff is no longer incarcerated at the Transylvania County Detention Center, his claims for injunctive relief are moot.

For the reasons stated herein, the Court will dismiss this action without prejudice as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** without prejudice as moot.
2. Plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 4), is **GRANTED** for purposes of initial review.
3. The Clerk shall terminate this action.

Signed: April 6, 2018

Frank D. Whitney
Chief United States District Judge

3